WEEKS *against* The CONNECTICUT AND RHODE-ISLAND
TURNPIKE COMPANY.

</div>

In an action against a turnpike company, to recover damages for an injury sustained by the plaintiff, who, as he was travelling on the defendants' road, in a dark night, got out of the path, and wandered a short distance until he fell down a precipice ; it appeared, that the defendants had erected no railing on the sides of the road at that place, but there was a pile of boards and lumber on an adjoining lumber-yard, which, the defendants claimed, constituted an equivalent barrier, and, that the plaintiff's injury was caused by his own intoxication ; the case turned on the question which of the parties was the faulty one ; the court submitted to the jury, as matters of fact, the condition

of the road, the need of a railing at that place, the sufficiency of the obstruction existing there, and whether the intoxication of the plaintiff, or the neglect of the defendants, was the cause of the injury ; and the jury returned a verdict for the defendants ; it was held, that the case was properly put to the jury, and that their finding disproved the plaintiff's declaration, and exculpated the defendants.

*Windham.*
July, 1849.

Weeks
*v.*
Connecticut &
Rhode-Island
Turnpike Co.

THIS was an action on the statute relating to highways and bridges, alleging, that on the 1st day of *April*, 1847, a portion of the defendants' road, in *Eastford*, *West* of and adjoining to a certain bridge, being so raised above the adjoining ground as to endanger the safety of travellers, was not in good and sufficient repair, for want of a good and sufficient railing ; and that, by reason of the wrongful neglect of the defendants to erect and keep up thereon a good and sufficient railing, the plaintiff was thrown off the side of the road, and precipitated upon a bed of sharp and dangerous rocks, at the bottom of a stream of water, a distance of about twenty feet ; by which he was greatly lacerated, bruised and wounded.

The cause was tried, on the general issue, at *Brooklyn*.

On the trial, the plaintiff claimed to have proved the facts alleged in his declaration. This the defendants denied, and claimed to have proved, that although they were bound to make and keep their road safe for public use, at the place mentioned in the declaration ; yet they were not liable for this injury ; because, first, the land adjoining the road, at that place, was not lower than the road, and the road was not unsafe, nor were travellers endangered, by reason of there being no railing.

It was admitted, that there was a wall, of about twelve feet depth, *East* of a lumber-yard adjoining the road ; which yard and wall were not the property of the defendants.

The necessity and propriety of a railing on the road, at this place, the court left to the jury ; and instructed them, that if they should find the facts as claimed by the defendants, they were not in fault, and not liable ; but if as claimed by the plaintiff, they were liable—there being nothing more in the case.

Secondly, the defendants claimed, that there was on said lumber-yard, between the line of the road and said wall, a barrier, consisting of piles of boards and timber, obstructing

*Windham,*
July, 1849.
————————
Weeks
*v.*
Connecticut &
Rhode-Island
Turnpike Co.

the passage of animals beyond it, which was more effectual than any necessary railing on the road would be. It was not claimed by the defendants, that this obstruction was placed or kept on the yard, by them; but it was admitted, that it was placed there, and shifted, from time to time, by the owners, at their pleasure.

The plaintiff claimed, that because this obstruction was not placed and kept on the land, by the defendants, how much soever it protected persons from the wall, it constituted no defence for the defendants; nor could the defendants use the evidence relating thereto, as showing the condition and conduct of the plaintiff.

The court charged the jury in conformity to the claim of the defendants, provided they should fine the facts as claimed by them; but if otherwise, then, on this point, their verdict should be for the plaintiff.

Thirdly, the defendants claimed to have proved, that in addition to the extreme darkness of the night, (which was admitted,) the plaintiff was intoxicated, and by reason thereof, could not walk well, nor take suitable care of himself; and that his intoxication, and not the want of a railing, was the true cause of the injury.

The court charged the jury, that if the facts were, on this point, as claimed by the defendants, the plaintiff could not recover; but if otherwise, the verdict should be for him.

The jury returned a verdict for the defendants; and the plaintiff moved for a new trial, for a misdirection.

*Welch* and *Cleveland*, in support of the motion, contended, 1. That the charge on the first point, was erroneous. The statute is *imperative:* "shall erect and maintain," &c. *Stat.* 338. §6. (ed. 1838.) The doctrine claimed by the defendants, is not only at war with the positive provisions of the statute, but is unsafe in practice, and inconsistent with the rights of the public.

2. That as the statute requires the owners of the road to erect and maintain a good and sufficient *railing* or *fence* on the sides of the road, the want of such railing or fence cannot be supplied, by something different, off the road and on another person's land, which that person may shift, or entirely remove, at his pleasure—although the jury may think,

that the obstruction, while it remains, is equivalent to a railing or fence on the sides of the road. Such a substitute satisfies neither the words nor the design of the statute. The traveller knows what a railing or fence on the sides of the road, is put there for, and is led to take heed to his ways accordingly: but a pile of boards and lumber somewhere else, excites no suspicion of danger, but rather lulls him into security, until he gets over or round it, and falls headlong.

*Windham,*
*July, 1849.*

Weeks
*v.*
Connecticut &
Rhode-Island
Turnpike Co.

3. That the plaintiff was entitled to a new trial, on the ground that the matter of the plaintiff's drunkenness and his inability to walk well, was not properly put to the jury. Under the charge of the court, the jury could, very properly, return a verdict for the defendants, and must have done so, even if the plaintiff, at the time, had been perfectly sober. As the case stands, it does not appear that the jury have found that he was intoxicated; nor that they did not found their verdict on the first point in the charge.

*Backus* and *Catlin*, contra, contended, 1. That the defendants were not required by law to erect any railing at the place where the plaintiff sustained the injury complained of. The question whether there was any necessity of a railing, at that place, depended upon the circumstances of the case, as shown by the evidence; and of the tendency and weight of that evidence the jury were the appropriate and final judges. The court could not, as matter of *law*, determine whether or not any such necessity existed. The question of *fact* was properly left to the jury; and they have decided it against the plaintiff, leaving him no ground of action.

2. That the court properly charged the jury, that if the injury complained of by the plaintiff, was received by him, not in consequence of the want of a railing, but solely by the fault of the plaintiff himself, he could not recover. To make out his case, the plaintiff must show, not only, that a railing was required at that place; that there was no sufficient railing there; and that, in concurrence with such neglect, he sustained an injury; but he must go further, and show, that he used ordinary skill and diligence to avoid the injury. *Adams* v. *Carlisle,* 21 *Pick.* 146. *Lane* v. *Crombie,* 12 *Pick.* 177. *Smith* v. *Smith,* 2 *Pick.* 64. *Flower* v. *Adams,* 2 *Taun.* 314. *Butterfield* v. *Forrester,* 11 *East* 60.

Windham,
July, 1849.

Weeks
v.
Connecticut &
Rhode-Island
Turnpike Co.

*Beers* v. *Housatonuc Rail road Company*, 19 *Conn. R.* 566. *Churchill* v. *Rosebeck*, 15 *Conn. R.* 359. *Ang. Com. Car.* §§ 556. 557. 564. 565. As to the intoxication of the plaintiff, as conducing to show negligence on his part, see particularly the section last referred to. If the plaintiff voluntarily placed himself in a condition which rendered him unable to walk well, and take proper care of himself, and this occasioned the injury complained of, the authorities above cited show, that he cannot sustain this action.

3. That if the pile of boards and lumber in the adjoining lumber-yard, was equivalent to a railing for the protection of the public travel, as the jury, under the direction of the court, have found it to be, it is a substantial compliance with the statute ; and it is immaterial who placed the barrier there ; and if it was there at the time of the injury, it is equally immaterial who had the right to take it away.

4. That as the injury happened to the plaintiff, after he had got safely off the defendants' road, they were no longer responsible. He was not a traveller on *their* road. *Tisdale* & ux. v. *Norton*, 8 *Metc.* 388.

ELLSWORTH, J. This is an action against the defendants for not keeping a portion of their road in good and sufficient repair, and especially, not having a suitable railing, to prevent injury to travellers ; by means of which neglect, the plaintiff, as he says, got out of the path, and wandered a short distance, until he fell down a precipice, into a river. The case turned entirely upon the question, who was the faulty party. The defendants claim, that the plaintiff, by reason of intoxication, was himself the *sole* cause of the injury. The condition of the road, the need of a railing, the sufficiency of what was there, and whether the neglect of the defendants or the intoxication of the plaintiff, was the cause of the injury suffered, were all matters of fact, properly submitted to the jury, under correct instructions from the court, so far as we can apprehend.

In considering the necessity of a railing, the jury might consider, whether there was need of any, under the circumstances ; whether there was, or was not, one substantially by nature, as trees or rocks, or one artificially, as buildings, timber, lumber or the like. If the jury have found, that

there was enough on the side of the road to secure people who exercise ordinary care and diligence; or that the injury complained of is attributable to the misconduct of the plaintiff; this is enough to disprove the plaintiff's declaration, and to show that he ought not to recover. The motion shows that the case was of a character entirely to exculpate the defendants.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.